CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Plaintiffs Tom and Carol Hyde brought this action to recover damages incurred in a fire at their home. The District Court for the Eleventh Judicial District, Flathead County, granted summary judgment to defendant Evergreen Volunteer Rural Fire Department (Evergreen). The court ruled that Evergreen is immune from suit under § 7-33-2208, MCA (1985). The Hydes appeal. We affirm.
The issues are:
1. Did the District Court err in determining that Evergreen is immune from suit under § 7-33-2208, MCA (1985)?
2. Did Evergreen’s purchase of liability insurance constitute a waiver of its immunity from suit to the extent of the insurance coverage?
3. Is there a genuine issue of material fact precluding summary judgment?
*301 On January 26, 1987, Evergreen was called to a fire at the Hyde residence. The volunteer firefighters made several attempts to suppress the fire on that day and in the early morning of January 27, 1987, but their efforts proved unsuccessful. The Hydes’ residence and personal belongings valued at over $247,000 were destroyed in the fire.
The Hydes filed suit against Evergreen, Flathead County, and Does A through Z, seeking damages on a theory of negligence in fighting the fire. The court granted Flathead County summary judgment for failure to state a claim against it. Evergreen then filed its motion for summary judgment, which was granted in March 1991.
I
Did the District Court err in determining that Evergreen is immune from suit under § 7-33-2208, MCA (1985)?
Section 7-33-2208, MCA (1985), provided:
Fire control powers — liability. (1) Any county rural fire chief or district rural fire chief or his deputy may enter private property or direct the entry of fire control crews for the purpose of suppressing fires.
(2) A chief or deputy and the county or rural district are immune from suit for injury to persons or property resulting from actions taken to suppress fires under this section. [Emphasis added.]
The Hydes argue that this statute only applied to rural fire districts organized under Title 7, Chapter 33, Part 22, MCA. They assert that it did not provide immunity for Evergreen because Evergreen was organized under Title 7, Chapter 33, Part 21, MCA.
Title 7, Chapter 33, Part 21, MCA, is entitled “Rural Fire Districts.” It provides for the establishment by county commissioners of fire districts in unincorporated territories or towns after petition by the owners of fifty percent of the privately owned lands in the area. Title 7, Chapter 33, Part 22, MCA, is entitled “Rural Fire Protection.” It grants county governing bodies the authority to provide for the organization of volunteer rural fire control crews and to provide for the formation of county volunteer fire companies. There are differences in the organizational structures and financing of firefighting units established under the two parts.
Section 7-33-2208, MCA (1985), did not provide immunity for actions taken to suppress fires “under this part.” That would be the appropriate language if immunity were to apply only to Part 22. The statute provided that immunity applied to actions taken to suppress fires “under this section.” Nevertheless, we will examine the legisla *302 tive history of § 7-33-2208, MCA (1985), to determine whether it supports the Hydes’ position.
Section 7-33-2208, MCA (1985), was originally enacted as Ch. 173, Sec. 3(4), L. 1945:
(4) Any county rural fire chief and/or district rural fire chief may enter private property either with or without fire control crews for the purpose of suppressing fires, and are exempt from any damage resulting from such activity[.]
This statute was originally codified at R.C.M. § 28-603(4).
Another part of the same legislation, Section 4 of Ch. 173, L. 1945, provided:
Lands to Which Applicable. The provisions of this act are not applicable to any organized forest protection district or fire district defined in Chapter 128, Laws of 1939, as amended by Chapter 141, Laws of 1941 or any organized fire protection district organized and operating under other legal authority. This act shall apply to all lands not protected by federal, state, municipal or private protective agencies organized under the laws of the State of Montana.
The statutes relating to “organized forest protection district or fire district defined in Chapter 128, Laws of 1939, as amended by Chapter 141, Laws of 1941” provide for protection of timber resources and are now codified at Title 76, Chapter 13, Part 1, MCA. It is not clear whether fire districts such as Evergreen were excluded from immunity under the language “any organized fire protection district organized and operating under other legal authority” or were given immunity under the language “[tjhis act shall apply to all lands not protected by federal, state, municipal or private protective agencies organized under the laws of the State of Montana.” In any event, Section 4 of Chapter 173, L. 1945, was codified at R.C.M. § 28-604 and was repealed in 1977. Ch. 397, L. 1977.
Also in 1977, the Montana Legislature amended the statute which became § 7-33-2208, MCA (1985), as follows:
Any county rural fire chief or district rural fire chief or his deputy may enter private property or direct the entry of fire control crews for the purpose of suppressing fires. A chief or deputy and the county or rural district are immune from suit for injury to persons or property resulting from actions taken to suppress fires under this subsection.
*303 Chapter 73, Sec. 1, L. 1977. The amendment was approved by a two-thirds majority of the Legislature as is required for laws which provide governmental immunity. Mont. Const. Art. II, Sec. 18.
This code section was not amended by the Legislature between 1977 and 1989. During recodification from the Revised Codes of Montana into the Montana Code Annotated, the Montana Code Commissioner redesignated it as a code section in itself, instead of subsection (4) of a larger statute, and changed the word “subsection” in the statute to “section.”
We conclude that the use of the word “section” in § 7-33-2208, MCA (1985), does not resolve the question of whether the immunity provided under the statute applies to fire districts established under Title 7, Chapter 33, Part 21, MCA. Therefore we will examine other language used in § 7-33-2208, MCA (1985).
The terms “county rural fire chief’ and “district rural fire chief’ in § 7-33-2208, MCA(1985), reflected terms used in Title 7, Chapter 33, Part 22, MCA. See §§ 7-33-2202 through -2204, MCA. The term “rural district” as found in § 7-33-2208, MCA (1985), is not otherwise used in Part 22. Part 22 addresses “rural fire control crews” and “county volunteer fire companies,” not “county or rural districts.” The term “rural district” is, however, used in Part 21. See, e.g., § 7-33-2101, MCA.
We conclude that under the plain language of § 7-33-2208, MCA (1985), immunity extended to Evergreen and other rural fire districts established pursuant to Title 7, Chapter 33, Part 21, MCA. This interpretation promotes the important function of fire districts in protecting public and private rural property from fire in Montana. Under the interpretation urged by the Hydes, immunity for rural firefighters and their chief would depend on how that firefighting unit originated. If a county government established a rural fire control crew or fire company on its own initiative, then that entity would be immune, but if the county commissioners established a rural fire district in response to a petition by landowners who wished to protect their property, then that district and its fire chief would not be immune. There is no logic or reason for granting or withholding immunity to a rural firefighting unit based upon the method of its formation.
We note that § 7-33-2208, MCA, was amended in 1989 and now applies to “[a] chief or deputy and the county, rural district, fire company, or fire service area.” This amendment passed by a two-thirds majority of the Legislature. The terms added in the 1989 amendment appear in Title 7, Chapter 33, Part 23, MCA (“fire *304 companies”), and Title 7, Chapter 33, Part 24, MCA (“fire service areas”).
II
Did Evergreen’s purchase of liability insurance constitute a waiver of its immunity from suit to the extent of the insurance coverage?
The Hydes’ argument under this issue is based on this Court’s opinion in Crowell v. School Dist. No. 7 (1991), 247 Mont. 38, 805 P.2d 522, [9 Ed.Law 76]. In that opinion, this Court held that the immunity provided to school districts under § 2-9-111, MCA (1989), was waived to the extent of coverage of any liability insurance purchased by the school district. Crowell, 805 P.2d at 534. The Montana Legislature promptly acted to negate the effect of Crowell by enacting Chapter 821, L. 1991. That act amended § 2-9-111, MCA, to specifically provide that the acquisition of insurance does not operate as a waiver of the immunity provided by the statute. Section 2-9-lll(c)(4), MCA.
The reasoning in Crowell involved an established legislative pattern of joint consideration of insurance and governmental immunity in relation to § 2-9-111, MCA. Crowell, 805 P.2d at 528-33. No pattern of joint legislative consideration of insurance and immunity is present in the legislative history of § 7-33-2208, MCA (1985). In fact, no joint consideration of these issues appears in the legislative history at all. We therefore hold that Crowell has no application to this case and that Evergreen did not waive its immunity from suit by purchasing liability insurance.
III
Is there a genuine issue of material fact precluding summary judgment?
The Hydes assert that their complaint contains allegations which are outside the bounds of the immunity provided under § 7-33-2208, MCA (1985). Specifically, they cite the claim in Paragraph XI of their complaint that Evergreen was negligent in failing or refusing to have a properly equipped fire truck and a properly trained fire crew. The Hydes argue that these acts and omissions of Evergreen were not protected under the immunity statute because they took place before fire suppression activity commenced.
But even when viewed in the light most favorable to them, the Hydes’ claim is based upon Evergreen’s alleged failure to have a properly equipped fire truck and a properly trained fire crew at the fire at their home. Any damages suffered by the Hydes and caused by *305 Evergreen were a result of the fire suppression activity by Evergreen at the fire at the Hydes’ home. Under § 7-33-2208, MCA (1985), Evergreen is exempt from any damage resulting from its fire suppression activity. We therefore hold no genuine issue of material fact precludes summary judgment.
Affirmed.
JUSTICES HARRISON, WEBER and McDONOUGH concur.